UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

GABRIEL RIVERA-RODRIGUEZ,

          Petitioner,

v.                                             Case No. 5:24-cv-34-MMH-PRL

JENNIFER A. BROTON,

          Respondent.

_____

## ORDER

### I. Status

Petitioner Gabriel Rivera-Rodriguez, an inmate of the federal penal system, initiated this action by filing a pro se petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1; Petition).[1] In his Petition, Rivera-Rodriguez challenges the Federal Bureau of Prisons' (BOP) calculation of his sentence. Id. at 7. Rivera-Rodriguez contends that his federal sentence should have run concurrent to the state sentence he was serving when he was indicted on the federal offense. Id. As relief, Rivera-Rodriguez asks the Court to order the BOP to credit his federal sentence with time that was already credited toward his state sentence. Id. at 9. Respondent opposes the Petition. (Doc. 9;

_____

[1] For all pleadings and documents filed in this case, the Court cites to the document and page numbers as assigned by the Court's Electronic Case Filing System.

Response). Rivera-Rodriguez did not reply and his time to do so has expired. Accordingly, the Petition is ripe for review.

## II.  Procedural History

On March 1, 2005, local authorities in Puerto Rico arrested Rivera-Rodriguez for possession of a controlled substance and possession of paraphernalia. Doc. 9-1 at 6, 12. He was released on bond two days later. Id. at 6. On November 6, 2006, a Puerto Rican Court sentenced Rivera-Rodriguez to probation, but later, on January 31, 2007, amended the sentences to two concurrent two-year terms of imprisonment. Id. Rivera-Rodriguez was serving his two-year state sentences when the United States Attorney's Office in the United States District Court for the District of Puerto Rico indicted him for conspiracy to possess with the intent to distribute cocaine within 1000 feet of public housing, an elementary school, or a park in violation of 21 U.S.C. §§ 841, 846, and 860.[2] Id. at 8, 36.

Pursuant to a Writ of Habeas Corpus Ad Prosequendum, federal marshals took Rivera-Rodriguez into temporary custody on March 27, 2007. Id. at 2, 8, 11. The District Court for the District of Puerto Rico adjudicated Rivera-Rodriguez guilty of the charged federal offense on February 27, 2008. Id. at 36. Rivera-Rodriguez completed his state sentences on April 6, 2008, but

---

[2] A second count, "a narcotics forfeiture allegation," was also brought against Rivera-Rodriguez but was later dismissed. Doc. 9-1 at 28, 36.

he remained in federal custody awaiting sentencing for his federal offense. <u>Id.</u> at 2, 46. On May 20, 2008, the federal court sentenced Rivera-Rodriguez to 43-years' imprisonment followed by 15-years' supervised release. <u>Id.</u> at 36–40.

### III. Discussion

Habeas corpus is the "exclusive remedy" for prisoners seeking "'immediate or speedier release' from confinement." <u>Skinner v. Switzer</u>, 562 U.S. 521, 525 (2011); <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 82 (2005). A § 2241 petition provides a basis to "attack the execution, rather than the validity" of a petitioner's sentence. <u>McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.</u>, 851 F.3d 1076, 1079 (11th Cir. 2017) (en banc). Rivera-Rodriguez challenges the BOP's calculation of his sentence. <u>See</u> Petition. Therefore, Rivera-Rodriguez's claim is properly brought under § 2241.

Although Rivera-Rodriguez brings one ground, he conflates two separate avenues of relief. <u>Id.</u> at 7. Rivera-Rodriguez claims that (1) the federal court ordered his federal sentence to, retroactively, run concurrent to his state sentences and he is therefore entitled to a "<u>nunc pro tunc</u> computation of time"; and (2) he should receive credit toward his federal sentence for the time he spent serving his state sentences. <u>Id.</u> at 7, 9. Although these arguments are related, and have the same practical effect of shortening Rivera-Rodriguez's sentence, they are distinct. <u>See</u> <u>e.g.</u>, <u>Butler v. Warden, FCC Coleman-Medium</u>, 451 F. App'x 811, 812 (11th Cir. 2011) (discussing petitioner's arguments that

he "was entitled to a <u>nunc</u> <u>pro</u> <u>tunc</u> designation" and "[a]lternatively," that his federal sentence should have been credited "with the amount of time he spent in state custody[]").[3]

Beginning with the <u>nunc</u> <u>pro</u> <u>tunc</u> issue, "[t]he BOP has the discretionary authority to decide whether to retroactively designate a state institution for service of a federal sentence[.]" <u>Humphreys v. Warden</u>, 699 F. App'x 854, 860 (11th Cir. 2017) (citing 18 U.S.C. § 3621(b)). This "has the practical effect of causing the state and federal sentences to run concurrent to each other." <u>Id.</u> "If a defendant is already serving a state sentence, this '<u>nunc</u> <u>pro</u> <u>tunc</u>' designation" starts "the federal sentence while the defendant is [still] in state custody[.]" <u>United States v. Tubby</u>, 546 F. App'x 869, 871 (11th Cir. 2013) (citations omitted). The BOP's decision regarding a <u>nunc</u> <u>pro</u> <u>tunc</u> designation request is subject to review under the abuse of discretion standard. <u>See</u> <u>Davis v. Coleman-Medium</u>, 666 F. App'x 802, 804 (11th Cir. 2016) (applying the abuse of discretion standard to determine whether the BOP wrongfully denied a retroactive designation request); <u>Senior v. United States</u>, No. 1:22-CV-1840-ELR-JKL, 2023 WL 11974590, at *2 (N.D. Ga. Apr. 11, 2023), <u>report and</u>

---

[3] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. <u>See</u> <u>McNamara v. GEICO</u>, 30 F.4th 1055, 1060–61 (11th Cir. 2022); <u>see generally</u> Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

recommendation adopted, No. 1:22-CV-01840-ELR, 2023 WL 11974517 (N.D. Ga. May 4, 2023) ("The BOP's decision whether to grant a nunc pro tunc designation request is entitled to deference, and the standard of review of a denial thereof is limited to determining whether the BOP abused its discretion.").[4]

Contrary to Rivera-Rodriguez's contention, the federal court did not order his federal and state sentences to run concurrent to each other. Doc. 9-1 at 37. In the Judgment, the federal court recommended that Rivera-Rodriguez receive "[c]redit for time served related to the instant offense." Id. There is no indication in the record that the federal court intended for Rivera-Rodriguez's federal sentence to retroactively start running while he was serving his state sentences that were already completed when the federal court sentenced him. Accordingly, when Rivera-Rodriguez requested a nunc pro tunc designation, the BOP denied his request in accordance with BOP Program Statement 5160.05. Id. at 3. The Program Statement says that "sentences run consecutively" "[w]hen there is a previously imposed sentence (federal or non-federal) in existence at the time of federal sentencing, and the federal judge

---

[4] The Court notes that although decisions of other district courts are not binding, they too may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects[]").

does not state whether multiple terms of imprisonment are to run consecutively to or concurrently with one another[.]" Id. This determination is consistent with federal law. See 18 U.S.C. § 3584 ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."). Therefore, the BOP did not abuse its discretion when it refused Rivera-Rodriguez's request for a nunc pro tunc designation. See Davis, 666 F. App'x at 804 (Because there was no evidence that BOP officials did not "properly discharge[] their official duties[,]" "the district court correctly determined that the BOP did not abuse its discretion by denying retroactive designation."); Butler, 451 F. App'x at 813 (a petitioner who served the remainder of his state sentence in the federal government's "possession" on a Writ of Habeas Corpus Ad Prosequendum before the imposition of his federal sentence, was not entitled to a nunc pro tunc designation because he "was not in federal custody until" the completion of his state sentence and the federal court was silent to any concurrent sentence); Adams v. Warden-FCI Tallahassee, No. 4:19CV44-WS-HTC, 2019 WL 4040600, at *2 (N.D. Fla. July 22, 2019), report and recommendation adopted, No. 4:19CV44-WS/HTC, 2019 WL 4040591 (N.D. Fla. Aug. 27, 2019) (denying a petitioner's request for a nunc pro tunc designation when she "completed her state sentence before her federal sentence began" and the BOP

6

inquired into whether she should receive a retroactive <u>nunc</u> <u>pro</u> <u>tunc</u> designation). Rivera-Rodriguez is not entitled to relief on this basis.

After determining that Rivera-Rodriguez was not entitled to a <u>nunc</u> <u>pro</u> <u>tunc</u> designation, the BOP also determined that he was not entitled to credit toward his federal sentence under 18 U.S.C. § 3585 for the time he spent serving his state sentences. Doc. 9-1 at 3. Section 3585 governs the calculation of a prison term and the Attorney General, through the BOP, is responsible for computing a prisoner's sentence and applying prior custody credits. <u>See</u> <u>United States v. Wilson</u>, 503 U.S. 329, 333–35 (1992). A federal sentence begins when a defendant either arrives voluntarily at the "detention facility at which the sentence is to be served" or is "received in custody awaiting transportation to[]" the detention facility. 18 U.S.C. § 3585(a).

A defendant must be given credit for time they served in a detention facility while awaiting the beginning of their sentence, when the time "has not been credited against another sentence[,]" and  (1) they were detained because of "the offense for which the sentence was imposed" or (2) they were detained because of another charge if they were arrested for that charge "after the commission of the offense for which the sentence was imposed[.]" <u>Id.</u> § 3585(b). "[W]hen the federal government takes possession of a state prisoner pursuant to a [W]rit of [H]abeas [C]orpus [<u>A</u>]d [<u>P</u>]rosequendum, the state's custody is not interrupted, and thus the prisoner's federal sentence does not begin to run

until he is turned over to federal authorities after having served his state sentence." <u>Butler</u>, 451 F. App'x at 812 (citing <u>Causey v. Civiletti</u>, 621 F.2d 691, 693 (5th Cir. 1980); <u>United States v. Evans</u>, 159 F.3d 908, 912 (4th Cir. 1998)).

Although Rivera-Rodriguez was in the federal marshal's custody beginning on March 27, 2007, he was still under the primary jurisdiction of state authorities and serving state sentences until April 6, 2008. Doc. 9-1 at 45–46. Because Rivera-Rodriguez was not detained because of "the offense for which the sentence was imposed[,]" he was not entitled to credit his federal sentence under § 3585(b)(1), until April 7, 2008.[5] In addition, pursuant to the clear terms of § 3585, a defendant cannot receive credit for time that was already credited against another sentence. <u>See</u> 18 U.S.C. § 3585(b). Rivera-Rodriguez does not dispute that he received credit toward his state sentences for his detention from March 27, 2007, to April 6, 2008, and for the time he spent in state custody before March 27, 2007. Because this time was credited toward his state sentences, it cannot be credited toward his federal sentence. <u>See</u> <u>Wilson</u>, 503 U.S. at 337 ("Congress made clear that a defendant could not receive a double credit for his detention time."); <u>Butler</u>, 451 F. App'x at 812 (stating that petitioner was not entitled to credit for any detention, before

---

[5] Section 3585(b)(2) does not apply because Rivera-Rodriguez was not detained at this time pursuant to another charge for which he was arrested after the commission of the federal offense at issue.

imposition of a federal sentence, that was already credited toward another sentence, and remanding to the district court to determine whether petitioner received all credit to which they were entitled); <u>Castillo v. Fed. Corr. Inst. of Tallahassee</u>, 163 F. App'x 803, 804 (11th Cir. 2006) (petitioner "was not entitled to a second credit against her federal sentence[]" for time "credited against another sentence").

The BOP credited Rivera-Rodriguez's sentence for his detention from April 7, 2008, until May 19, 2008, and his federal sentence began on May 20, 2008, when he was sentenced. Doc. 9-1 at 50. The BOP also credited Rivera-Rodriguez's sentence for time he spent in state custody from March 1, 2005, to March 3, 2005, that apparently was not credited toward his state sentences. <u>Id.</u> at 6, 50. Therefore, the BOP applied "[c]redit for time served related to the instant offense[,]" that was not already credited toward another sentence, in accordance with the federal court's sentencing recommendation and § 3585. <u>Id.</u> at 37. Because Rivera-Rodriguez received the credit to which he is entitled, he is not entitled to relief on this basis.

Rivera-Rodriguez further argues that § 3585(b) and BOP Program Statement 5060.05 violate the separation of powers doctrine by delegating "judicial acts" to an administrative agency. Petition at 7. This argument is meritless. <u>See</u> <u>e.g.</u>, <u>Wilson</u>, 503 U.S. at 335 (stating that "[a] district court[] []

cannot apply § 3585(b) at sentencing[]" and discussing the BOP's responsibility to administer sentences under the statute).

## IV. Certificate of Appealability

If Rivera-Rodriguez seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Rivera-Rodriguez "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable

10

whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, the Court will deny a certificate of appealability.

Accordingly, it is

**ORDERED:**

1.      The Petition (Doc. 1) is **DENIED**, and this action is **DISMISSED with prejudice.**

2.      The **Clerk** shall enter judgment denying the Petition with prejudice and dismissing this case with prejudice, terminate any pending motions, and close the file.

3.      If Rivera-Rodriguez appeals the denial of the Petition, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** in Chambers, this 7th day of May, 2025.

**MARCIA MORALES HOWARD**
United States District Judge

c:
OCAP-4
Gabriel Rivera-Rodriguez, #30295-069